UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. ROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:13-cv-02127-CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") partially granting and partially denying plaintiff's applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment and remand this matter under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

BACKGROUND

Plaintiff, born August 4, 1982, applied on October 3, 2011 for DIB and SSI, alleging disability beginning September 6, 2011. Administrative Transcript ("AT") 158, 164. Plaintiff alleged he was unable to work due to back problems and stage two liver cancer. AT 201. In a

decision dated April 2, 2013, the ALJ determined that plaintiff was disabled for a closed period from September 6, 2011 and ending on December 16, 2012, that medical improvement occurred as of July 1, 2011, and that plaintiff was not disabled after that date.[1]  AT 28.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through September 6, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since September 6, 2011, the alleged onset date.
>
> 3. Since September 6, 2011, the claimant has had the following severe impairments:  degenerative disc disease of the lumbar spine, status post L5-S1 laminectomy and discectomy, with radiculopathy.

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

4. Since September 6, 2011, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that, from September 6, 2011 through December 15, 2012, the claimant had the residual functional capacity to perform sedentary work . . . except:  he could have lifted and/or carried 10 pounds occasionally and frequently; he could have stood and/or walked for 2 hours in an 8-hour workday, in 10-minute increments; he could have sat for 6 hours in an 8-hour workday; he required the option of alternating between sitting, standing, and walking at will when he was not permitted to leave the workstation; and he could have occasionally performed postural activities.

6.  From September 6, 2011 through December 15, 2012, the claimant was unable to perform any past relevant work.

7. The claimant was born on August 4, 1982 and was a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not an issue because the claimant's past relevant work is unskilled.

10.  From September 6, 2011 through December 15, 2012, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was under a disability, as defined in the Social Security Act, from September 6, 2011 through December 15, 2012.

12. Medical improvement occurred as of December 16, 2012, the date the claimant's disability ended.

13. After careful consideration of the entire record, the undersigned finds that beginning on December 16, 2012, the claimant has had the residual functional capacity to perform light work . . . except:  he could stand and/or walk for 1 hour at a time, for a total of up to 4 hours in an 8-hour workday; he could sit for 2 hours at a time, for a total of 8 hours in an 8-hour workday; he could lift and/or carry 20 pounds occasionally and 10 pounds frequently; he could occasionally climb, balance, stoop, kneel, crouch, and crawl; he has no limitations with reaching, handling, fingering and feeling; and he has limitations for working around heights secondary to reduced range of lumbar spine.

14. The medical improvement that has occurred is related to the ability to work.

15. Since December 16, 2012, the claimant's age category has not changed.

16. Since December 16, 2012, the claimant has continued to be unable to perform past relevant work.

17. As indicated above, transferability of job skills is not an issue because the claimant's past relevant work is unskilled.

18. Beginning on December 16, 2012, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy.

19. The claimant's disability ended on December 16, 2012.

AT 21-27.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly assessed that medical improvement occurred and failed to properly consider plaintiff's testimony.[2]

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

/////

---

[2] As discussed below, the ALJ improperly assessed that a medical improvement occurred on December 16, 2012. Because the issue of medical improvement is dispositive, the court need not address plaintiff's second argument that the ALJ failed to properly address plaintiff's post-surgery testimony.

4

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff contends the ALJ erred in concluding that plaintiff's disability ceased as of December 16, 2012. In particular, plaintiff contends that the ALJ's finding that a medical improvement occurred as of December 16, 2012 was the product of legal error and not supported by substantial evidence. A prior determination of disability gives rise to a presumption that a disability benefit claimant is disabled. See Bellamy v. Sec. of Health & Human Serv., 755 F.2d 1380, 1381 (9th Cir. 1985) (once a claimant has been found to be disabled, presumption of continuing disability arises in claimant's favor and Commissioner bears the burden of producing evidence sufficient to rebut presumption of continuing disability). To terminate benefits, therefore, the Secretary must come forward with some evidence that the claimant's condition has improved. See Murray v. Heckler, 722 F.2d 499, 500-01 (9th Cir. 1983). The burden remains, however, on the claimant to prove that she is disabled. See Iida v. Heckler, 704 F.2d 363, 365 (9th Cir. 1983); Patti v. Schweiker, 669 F.2d 582, 586-87 (9th Cir. 1982) (although claimant retains the burden of proof, this presumption shifts the burden of production to the Secretary to produce evidence to meet or rebut the presumption). Evidence produced by the Secretary is reviewed under the substantial evidence standard. Murray, 722 F.2d at 500.

As discussed above, plaintiff was entitled to a presumption of continuing disability but this presumption only shifted the burden of production to the Commissioner of coming forward

/////

with some evidence of medical improvement. See Bellamy, 755 F.2d at 1281. Medical improvement is defined as follows:

> Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s) . . . .

20 C.F.R. § 416.994(b)(1). 20 C.F.R. § 404.1594(b)(7) provides:

> For purposes of determining whether medical improvement has occurred, we will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time.

This medical improvement standard applies to "closed period" cases, where "the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision." Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987); see also Shepherd v. Apfel, 184 F.3d 1196, 1200 (10th Cir. 1999); Jones v. Shalala, 10 F.3d 522, 524 (7th Cir. 1993).

The ALJ found that plaintiff was disabled for the closed period from September 6, 2011 through December 15, 2012. AT 25. In making this finding, the ALJ relied on plaintiff's allegations of intense back pain, which the ALJ found supported by plaintiff's history of treatment. AT 23. The ALJ also found that medical improvement occurred as of December 16, 2012. AT 25. In making this finding, the ALJ relied solely on the orthopedic evaluation of Dr. David Hoenig. AT 25-26. As more fully discussed below, the ALJ failed to properly assess whether a medical improvement had occurred per the regulations and, even if the ALJ had, a finding of medical improvement is not supported by substantial evidence.

On October 23, 2011, Dr. Simmonds performed an Internal Medicine Evaluation, observing that plaintiff's movements were normal and that plaintiff did not require an assistive device for ambulation. AT 435-39. Dr. Simmonds further observed that plaintiff can sit comfortably without shifting in his chair and can stand up and sit down without difficulty. AT

436. Dr. Simmonds found that plaintiff had painful and restrictive range of motion in his lower back and pain along the paravertebral muscular groups. AT 438. He also found that plaintiff's range of motion with a forward flexion of 70 degrees, extension of 20 degrees, lateral bending of 20 degrees and rotation of 40 degrees. AT 437. Dr. Simmonds noted that plaintiff's straight-leg raising was negative bilaterally and that plaintiff had normal motor strength at 5/5, normal muscle tone and bulk, and intact sensation. AT 437. Based on this evaluation, Dr. Simmonds opined that plaintiff could perform medium exertional work (*i.e.*, could push, pull, lift and carry 50 pounds occasionally and 25 pounds frequently), could walk and stand for six hours per day, did not require an assistive device for ambulation, and could frequently bend, kneel, stoop, crawl, and crouch.[3] AT 438.

On December 16, 2012, Dr. David Hoenig performed an orthopedic evaluation of plaintiff, observing that plaintiff had full motor strength in the bilateral, upper and lower extremities, and generally had intact sensation. AT 558-59. Dr. Hoenig further observed that plaintiff could walk around the examination room without assistance, sit comfortably throughout the examination, get on and off the examination table, and take his shoes off and put them back on. AT 558-59. Dr. Hoenig found that plaintiff had a forward flexion of 60 degrees, extension of 15 degrees, and lateral flexion of 20 degrees in his lumbar region. AT 558. Dr. Hoenig opined that plaintiff could perform light exertional work (*i.e.*, lift and carry 20 pounds occasionally and 10 pounds frequently), and could occasionally climb, balance, stoop, kneel, crouch, and crawl. AT 560.

The ALJ found that plaintiff's back pain had improved and that plaintiff had demonstrated improved functionality since December 16, 2012, relying solely on the evaluation of Dr. Hoenig. AT 25. In making this assessment, the ALJ failed to compare the current severity of plaintiff's medical impairments with the severity of his impairments during the period before December 16, 2012. The ALJ noted that plaintiff alleged intense back pain causing significant functional

---

[3] The ALJ discredited Dr. Simmonds' opinion that plaintiff could perform medium exertional work because that opinion was made without reference to any treatment records or radiographs. See AT 23.

7

1  difficulties.  AT 23.  The ALJ found plaintiff's allegations of pain generally credible.  AT 23.
2  However, in relying upon Dr. Hoenig's report, the ALJ did not assess whether plaintiff's back
3  pain had improved.  Dr. Hoenig did not report that plaintiff's back pain had gotten better.  To the
4  contrary, Dr. Hoenig noted:

> He has had multiple imaging studies showing degenerative disc disease and narrowing.  In terms of treatment, he has had a microdiscectomy which did not help him.  He had a lumbar epidural which did not help him.

8  AT 557.  Plaintiff had a lumbar epidural in September 2012.  AT 530.  As Dr. Hoenig reported
9  and plaintiff testified, the epidural did not relieve or improve plaintiff's back pain.  AT 52-53,
10 557.  Nonetheless, based on that same report, the ALJ found that a medical improvement had
11 occurred.  AT 25.  The ALJ erred in finding that a medical improvement occurred without
12 comparing the current severity of plaintiff's back pain with the severity of his back pain before
13 December 16, 2012.
14         Even if the ALJ had performed such an analysis, the opinion of Dr. Hoenig does not
15 constitute substantial evidence of medical improvement because the observations of Dr. Hoenig's
16 December 16, 2012 evaluation are similar to the observations made by Dr. Simmonds in an
17 October 23, 2011 evaluation.  Both found that plaintiff had normal motor strength, muscle tone
18 and bulk and had intact sensation.  AT 437-38, 559.  Both observed plaintiff walk without an
19 assistive device and sit and stand without too much difficulty.  AT 436, 558.  Indeed Dr. Hoenig's
20 examination revealed that plaintiff's range of motion in his back was more limited as of
21 December 16, 2012 than in October 2011.  Compare AT 437 with AT 558.  The similarities
22 between Dr. Hoenig's and Dr. Simmonds' examinations suggest that, contrary to the ALJ's
23 finding, no medical improvement occurred as of December 16, 2012.  The ALJ failed to properly
24 assess whether a medical improvement had occurred as defined in the regulations 20 C.F.R. §
25 404.1594(b)(7) and substantial evidence does not support such a finding.
26         The remaining question is whether to remand this case to the ALJ for further proceedings
27 or to order the payment of benefits.  "The decision whether to remand the case for additional
28 evidence or simply award benefits is within the discretion of the court."  Stone v. Heckler, 761

8

F.2d 530, 533 (9th Cir. 1985). Generally, the Court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." <u>Varney v. Sec'y of Health & Human Servs.</u>, 859 F.2d 1396, 1399 (9th Cir. 1987).

Here, the record demonstrates that plaintiff has been disabled since September 6, 2011. As explained above and contrary to the ALJ's finding, there was insufficient evidence of medical improvement—the evidence does not show a decrease in the current medical severity of plaintiff's impairments which were present before December 15, 2012. For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

<u>CONCLUSION</u>

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is denied; and

3. This matter is remanded to the Commissioner for immediate payment of benefits.

Dated: October 2, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

10/4 ross.ss