1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN ROSS,                                    No.  2:13-cv-2127 CKD

12                    Plaintiff,

13          v.                                       ORDER

14    CAROLYN W. COLVIN, Acting
      Commissioner of Social Security,
15
                      Defendant.
16

17

18          Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19   award of attorney fees in the amount of $5,955.00 for 23.8 hours of professional time devoted to

20   the representation of plaintiff before this court.  Counsel contends that this amount should not be

21   offset in the amount of $4,000.00 for fees previously awarded under EAJA because the

22   Department of the Treasury applied the entire amount of the EAJA award to pay down plaintiff's

23   federal debt.

24          42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

25                  Whenever a court renders a judgment favorable to a claimant under
                    this subchapter who was represented before the court by an
26                  attorney, the court may determine and allow as part of its judgment
                    a reasonable fee for such representation, not in excess of 25 percent
27                  of the total of the past-due benefits to which the claimant is entitled
                    by reason of such judgment.
28

                                                    1

1   Rather than being paid by the government, fees under the Social Security Act are awarded out of

2   the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

3   receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

4   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

5   must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

6   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

7   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

8   agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

9   show that the fee sought is reasonable for the services rendered."  Id. at 807.

10      Counsel seeks fees for 23.8 hours.  Based on the quality of counsel's representation and

11  the results achieved in this case, the undersigned finds the amount of hours expended to be

12  reasonable.  The hourly rate of $250.22 is also reasonable.  Accordingly, the undersigned will

13  award the amount of attorney fees requested.  Because plaintiff's counsel has received no part of

14  the fees previously awarded under EAJA, no offset will be made.

15      Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $5,955.00 in

16  attorney fees pursuant to 28 U.S.C. § 406(b).  No offset shall be made for the fees previously

17  awarded under EAJA.

18  Dated:  December 10, 2015

19  _____
    CAROLYN K. DELANEY
20  UNITED STATES MAGISTRATE JUDGE

21

22  4 ross.ss.406.fee

23

24

25

26

27

28

2